IN THE UNITED STATES DISTRICT COURT
FOR DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Rodney Nesmith,<br><br>      Petitioner,<br><br>v.<br><br>Warden Terri Wallace,<br><br>      Respondent. | C/A No. 8:26-cv-183-SAL<br><br><br>**ORDER** |

Petitioner Rodney Nesmith ("Petitioner"), a state prisoner proceeding *pro se*, filed this action pursuant to 28 U.S.C. § 2241, challenging the validity of his conviction and sentence. [ECF No. 1.] This matter is before the court on the Report and Recommendation (the "Report") of Magistrate Judge William S. Brown, made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.). The magistrate judge recommends dismissing the petition without prejudice and without requiring Respondent to file a return. [ECF No. 8.] The Report explains that Petitioner has failed to exhaust his state court remedies. Additionally, because Petitioner currently has a pending motion to vacate his sentence in state court, the Report recommends abstention under *Younger v. Harris*, 401 U.S. 37 (1971).

Attached to the Report was a notice advising Petitioner of the procedures and requirements for filing objections and warning of the serious consequences if he failed to do so. *Id.* at 13. Petitioner objects to the recommended dismissal of his case. [ECF Nos. 11, 13.] But for the reasons that follow, the court agrees with the magistrate judge that summary dismissal is appropriate here.

1

## REVIEW OF A MAGISTRATE JUDGE'S REPORT

The magistrate judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). In response to a recommendation, any party may serve and file written objections. *See Elijah v. Dunbar*, 66 F.4th 454, 459 (4th Cir. 2023) (citing 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(3)). The district court then makes a de novo determination of those portions of the Report to which an objection is made. *Id.* To trigger de novo review, an objecting party must object with sufficient specificity to reasonably alert the district court of the true ground for the objection. *Id.* (quoting *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007)). If a litigant objects only generally, the court need not explain adopting the Report and must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citing Fed. R. Civ. P. 72 advisory committee's note).

An objection is specific so long as it alerts the district court that the litigant believes the magistrate judge erred in recommending dismissal of that claim. *Elijah*, 66 F.4th at 460. Objections need not be novel to be sufficiently specific. *Id.*

Because Petitioner is proceeding *pro se*, the court is charged with liberally construing the pleadings to allow him to fully develop potentially meritorious claims. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). That said, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

**DISCUSSION**

The magistrate judge correctly recommends summary dismissal of this case where Petitioner has failed to exhaust his state court remedies. *See* ECF No. 8 at 4–10. Although Petitioner filed a petition under 28 U.S.C. § 2241, the proper vehicle for a state prisoner to challenge the validity of his conviction and sentence is through a § 2254 petition. *See* 28 U.S.C. § 2254; *see also Alston v. Warden*, Civil Action No. 6:07-cv-2724-RBH, 2008 WL 5115044, at *3 (D.S.C. Dec. 4, 2008) ("It has specifically been held that prisoners who are in custody under a state court judgment, like Petitioner here, may not resort to § 2241 in an attempt to circumvent the procedural requirements of § 2254 . . . ."). In any event, under either § 2254 or § 2241, exhaustion is required before federal habeas relief is available.[1] *See* ECF No. 8 at 4–10. The Report explains that the state remedies available to a South Carolina prisoner challenging his underlying conviction and sentence are a direct appeal, which Petitioner pursued unsuccessfully, and a post-conviction relief action, which Petitioner has not filed. *Id.* at 7–10. It is plain from the petition that Petitioner has not exhausted his state court remedies,[2] so this petition is premature and should be dismissed without prejudice. *Id.* at 9–10.

In response, Petitioner does not deny his failure to exhaust. *See* ECF No. 13. Instead, he argues he is not being held pursuant to a valid judgment and that exhaustion should be excused

---

[1] As explained in the Report, the exhaustion requirement arises from the interests of comity between the state and federal courts. *See* ECF No. 8 at 9–10. While exhaustion is not jurisdictional, *see Jenkins v. Fitzberger*, 440 F.2d 1188, 1189 (4th Cir. 1971), it is strictly enforced, *Thomas v. Eagleton*, 693 F. Supp. 2d 522, 538 (D.S.C. 2010), and with good reason. "The purpose of the exhaustion requirement is to 'give the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Gordon v. Braxton*, 780 F.3d 196, 200 (4th Cir. 2015) (quoting *Jones v. Sussex I State Prison*, 591 F.3d 707, 712 (4th Cir. 2010)).

[2] The Report further notes that the only ground presented in the petition was not raised in Petitioner's direct appeal. *See* ECF No. 8 at 8 n.5. There are no exhausted claims presented in the petition.

because the state process is ineffective. *See id.* at 1–4. But the legality of the judgment against him is what Petitioner seeks to challenge in this case. Petitioner also has a pending motion to vacate, which he filed in state court after losing his direct appeal. Based on the state court docket, that motion was filed in December 2025, and was heard in March 2026. *See* Horry County Fifteenth Judicial Circuit, https://publicindex.sccourts.org/Horry/PublicIndex/PISearch.aspx (search Case Number: 2022DI2600360) (last accessed March 27, 2026). For now, the judgment against Petitioner is valid, so his circular argument that the merits of his claims should excuse his failure to exhaust fails.

As to Petitioner's argument that the state process is ineffective, he has not fully availed himself of the state process as he has not yet filed a post-conviction relief action. And he has a pending motion to vacate. There is no reason to believe the state remedies still available to Petitioner are either inadequate or unavailable. Accordingly, Petitioner's objections are overruled. Petitioner seeks to challenge the legality of his conviction and sentence, but he did not file a § 2254 petition, which is the mechanism to challenge a state conviction. And he has not exhausted his state court remedies. Thus, his case must be summarily dismissed.

In the Report, the magistrate judge also noted that the court should abstain from intervening in the ongoing state case under *Younger*. [ECF No. 8 at 10–12.] Petitioner objects, arguing that *Younger* abstention is misapplied. [ECF No. 13 at 5–7.] But the court agrees with the Report, particularly when Petitioner has a pending motion to vacate with a scheduled motions hearing. *Younger* abstention applies.

Finally, Petitioner argues summary dismissal is inappropriate without requiring the Respondent to answer. But as explained above and in the Report, Petitioner has not exhausted his state court remedies, so his petition is premature, and dismissal is appropriate. *See Bonneau v.*

4

*LaManna*, 18 Civ. 2228 (CS) (AEK), 2023 WL 5526717, at *6 ("[C]ourts confronted with habeas petitions asserting only unexhausted claims have declined to stay the proceedings to allow petitioners to exhaust their claims in state court so as to avoid turning the federal court into a 'jurisdictional parking lot for unexhausted claims and undermining the comity interests promoted by the exhaustion requirement.'" (quoting *Pantoja v. N.Y. State Div. & Bd. of Parole*, No. 11-cv-9707 (CS) (PED), 2013 WL 866869, at *6 (S.D.N.Y. Jan. 10, 2013))).

## CONCLUSION

After a thorough review of the Report, the applicable law, and the record of this case, the court **ADOPTS** the Report, ECF No. 8. For the reasons discussed above and in the Report, the petition is **DISMISSED WITHOUT PREJUDICE** and without requiring Respondent to file a return.

It is further ordered that a certificate of appealability is denied because Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).[3]

**IT IS SO ORDERED.**

March 30, 2026                                        Sherri A. Lydon
Columbia, South Carolina                      United States District Judge

---

[3] A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). The court finds that Petitioner has failed to make "a substantial showing of the denial of a constitutional right."